IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-03007-BNB

ALFONSO A. CARRILLO,

     Applicant,

v.

GARY WILSON, Denver Undersheriff/Warden,

     Respondent.

---

ORDER OF DISMISSAL

---

     Mr. Carrillo was a pre-trial detainee in the Denver County jail at the time he initiated this action on November 15, 2012.  He has filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241.  Applicant has paid the $5.00 filing fee.

     On November 27, 2012, Magistrate Judge Boyd N. Boland ordered the Respondent to file a Preliminary Response addressing the issue of exhaustion of state court remedies.  Respondent filed a Preliminary Response on January 31, 2013.  Mr. Carrillo filed a Reply on February 25, 2013.

## I.    Background

     Mr. Carrillo was arrested on August 9, 2012, after an eighteen-count indictment was returned against him by a Denver Grand Jury in Case No. 2012CR10153.  (ECF Nos. 14-1, 14-2).  The Indictment charged Mr. Carrillo with Violation of Colorado Organized Crime Control Act, § 18-17-104(3), [COLO. REV. STAT.] C.R.S. (F2) (1 count); Conspiracy to Commit Theft, §§18-4-401(1), (2)(d); 18-2-201, C.R.S. (F4) (1 count); Theft, § 18-4-401(1), (2)(c), C.R.S. (F4) (11 counts); First Degree Criminal

Trespass, § 18-4-502, C.R.S. (F5) (3 Counts); and, Second Degree Burglary, § 18-4-203(1), (2)(a), C.R.S. (F3) (2 counts).  (ECF No. 14-2).  The arrest warrant signed by the state district court set Applicant's bail at $750,000.  (*Id.*, at 2).  On August 20, 2012, the district court appointed alternate defense counsel to represent Mr. Carrillo and advised him that bond had been set in the amount of $750,000.  (ECF No. 14-1, at 8).

On August 29, 2012, defense counsel filed a motion for bond reduction, citing, *inter alia*, Mr. Carrillo's constitutional rights. (ECF No. 14-5).  The state district court held a hearing on September 21, 2012, and granted the motion.  Applicant's bond was reduced from $750,000 to $300,000.  (ECF No. 14-1, at 7).  Mr. Carrillo states in his Reply that his bond was further reduced to $25,000 at a motions hearing on February 14, 2013 .  (ECF No. 15, at 2).  Applicant posted the security and was released the following day[1] under "unconstitutional" bond restrictions that require him not to commit any additional crimes or engage in any "real estate" transactions.  (*Id.*).

On October 25, 2012, a twenty-five count superseding indictment was filed by the prosecution.  (ECF No. 14-8).  The superseding indictment charges Mr. Carrillo with Violation of Colorado Organized Crime Control Act, § 18-17-104(3), C.R.S. (F2) (1 count); Conspiracy to Commit Theft, §§18-4-401(1), (2)(d); 18-2-201, C.R.S. (F4) (1 count); Theft, § 18-4-401(1), (2)(c), C.R.S. (F4) (13 counts); First Degree Criminal Trespass, § 18-4-502, C.R.S. (F5) (2 Counts); Second Degree Burglary, § 18-4-203(1), (2)(a), C.R.S. (F3) (2 counts); Conspiracy To Commit Forgery, §§18-5-102(1)(c); 18-2-201, C.R.S. (F6) (1 count); Forgery, §18-5-102(1)(c), C.R.S. (F5) (2 counts);

---

[1]The Court notes that Mr. Carrillo has not filed a notice of address change with the Court as required by D.C.COLO.LCivR 10.1M.

Forgery, §18-5-102(1)(d), C.R.S. (F5) (1 count); and Attempt To Influence A Public Servant, §18-8-306, C.R.S. (F4) (2 counts). (*Id.*).

On November 7, 2012, the state district court entered an order (ECF No. 14-10) granting in part and denying in part an August 29, 2012 motion filed by Applicant (ECF No. 14-9) to dismiss the pending charges for lack of probable cause. The court granted the motion as to Count 8 (Theft) of the superseding indictment and dismissed that count only. (ECF No. 14-10). The court denied the motion to dismiss all other counts. (*Id.*).

On November 15, 2012, Mr. Carrillo was arraigned and entered a plea of not guilty. (ECF No. 14-1, at 6). The state district court set a ten day jury trial to commence on April 1, 2013. (*Id.*).

Mr. Carrillo filed the instant § 2241 Application on November 15, 2012. In the Application, he asserts the following claims: (1) the Denver District Attorney's Office and other state officials have harassed, coerced and intimated various attorneys retained by him, in violation of his Sixth Amendment right to counsel; and, his court-appointed alternate defense counsel is being pressured to accept a plea agreement on false charges, which is rendering counsel's representation inadequate; (2) the state district court imposed excessive bail, in violation of the Eighth Amendment; and (3) he is being subjected to cruel and unusual punishment, in violation of the Eighth Amendment.

## II.   Standard of Review

"[A] state court defendant attacking his pretrial detention should bring a habeas petition pursuant to the general grant of habeas authority contained within 28 U.S.C. § 2241." *Walck v. Edmondson*, 472 F.3d 1227, 1235 (10th Cir. 2007); *Yellowbear v. Wyo. Att'y Gen.*, 525 F.3d 921, 924 (10th Cir. 2008).

The Court must construe liberally the Application filed by Mr. Carrillo because he is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not act as an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, the Court will dismiss the Application.

## III.   Legal Analysis

## A.   Procedural Issues

Applicant asserts a violation of his Eighth Amendment rights based on alleged harassment by the Denver District Attorney's office of Applicant's wife and the co-plaintiffs in Applicant's federal court civil rights cases.  The Court finds that the claim is not cognizable in this § 2241 Application because the allegations do not attack the legality of Mr. Carrillo's  pre-trial detention.  *See  McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997) (stating that the "'fundamental purpose of a § 2241 proceeding is . . . an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody,'" quoting *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).   In addition, Mr. Carrillo lacks standing to pursue a claim on behalf of third parties.  *See Elk Grove Unified Sch. Dist. v. Newdow,* 542 U.S. 1, 12, (2004) (One element of prudential standing is "the general prohibition on a litigant's raising another person's legal rights."); *Warth v. Seldin*, 422 U.S. 490, 499 (1975) ("[T]he plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties.").

Furthermore, to the extent Mr. Carrillo asserts a claim for civil conspiracy against the Denver District Attorney's office and various other state and local officials, or an Eighth Amendment claim based on his conditions of confinement at the Denver County jail, he must bring his claim in a civil rights action filed pursuant to 42 U.S.C. §1983 and 28 U.S.C. 1343.  *See McIntosh*, 115 F.3d at 812 ("A habeas corpus proceeding attacks the fact or duration of a prisoner's confinement and seeks the remedy of immediate release or a shortened period of confinement. In contrast, a civil rights action . . . attacks the conditions of the prisoner's confinement and requests monetary compensation for such conditions.") (internal quotations and citation omitted).

Mr. Carrillo's claims that the bail set by the state district court is unconstitutionally excessive and that his appointed counsel was constitutionally ineffective in failing to appeal the amount of bail are now moot because Mr. Carrillo represents that he posted the $25,000 bail bond set by the state district court and was released on February 15, 2013.  *Cf. Murphy v. Hunt*, 455 U.S. 478, 481 (1982) (per curiam) (holding that claim to pretrial bail was moot once defendant was convicted).

Moreover, to the extent the issues concerning the imposition of excessive bail are not moot, Mr. Carrillo has not exhausted state court remedies.  *See Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000) ("A habeas petitioner is generally required to exhaust state court remedies whether his action is brought under § 2241 or § 2254."); *Fuller v. Baird*, No. No. 08-3122, 306 F. App'x 430, 431 n.2 (10th Cir. Jan. 6, 2009) (unpublished).  In general, the exhaustion doctrine requires a habeas applicant to "fairly present" his claim to the state courts at each level of review, "thereby alerting the state courts to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29

5

(2004); *see also O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.").

Mr. Carrillo has a state remedy available to him.  "If bail is set in an excessive amount, the defendant has the right to petition for reduction of bail or appeal the bail decision."  *People v. Jones*, 489 P.2d 596, 598 (Colo. 1971) (internal citations omitted). Mr. Carrillo does not allege, nor does the state court record provided by Respondents indicate, that he has ever appealed the trial court's rulings on bail to the Colorado Court of Appeals.

Mr. Carrillo states in his affidavit in support of the Application that his trial counsel failed to appeal the excessive bail set in his case.  However, the ineffective assistance of counsel cannot excuse Mr. Carrillo's failure to exhaust state court remedies unless he also exhausts the ineffective assistance of counsel claim.  *See Murray v. Carrier,* 477 U.S. 478, 488–89 (1986) ("[W]e think that the exhaustion doctrine, which is 'principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings, generally requires that a claim of ineffective assistance be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default." (quoting *Rose v. Lundy,* 455 U.S. 509, 518 (1982))*;  Livingston v. Kansas,* No. 10-3076, 407 F. App'x. 267, 273 (10th Cir. 2010) (holding that petitioner's "fail[ure] to raise the ineffectiveness of his direct-appeal counsel to the [state courts] in his post-conviction petition[ ] . . . preclud[ed] him from asserting it as 'cause' for his procedural default" (citing *Edwards v. Carpenter,* 529 U.S. 446, 451–52,(2000)).

6

Similarly, Mr. Carrillo's other claims asserting a violation of his Sixth Amendment right to the effective assistance of trial counsel and challenging the conditions of bail are premature because Applicant has not exhausted state court remedies for his claims. Mr. Carrillo may challenge the conditions of bail in the state courts if his bail is revoked. *See*, *e.g.*, *Martell v. County Court of County of Summit*, 854 P.2d 1327 (Colo. App. 1992). Applicant may also challenge the effectiveness of his court-appointed counsel in the state courts after he is convicted. *See generally* Colorado Rule of Criminal Procedure 35(c)(2)(I) (convicted person may file an application for post conviction review in the state courts alleging "[t]hat the conviction was obtained or sentence imposed in violation of the Constitution or laws of the United States . . . .").

In sum, the Court finds that Mr. Carrillo's claims challenging his bail as excessive and the ineffectiveness of his court-appointed counsel in failing to appeal a bail ruling are moot because of Mr. Carrillo's release on bail. Alternatively, because Mr. Carrillo has not exhausted in the state courts his claims challenging the amount of bail, counsel's general effectiveness and failure to appeal the bail determination, and the constitutionality of the bail conditions imposed, he does not have a remedy under 28 U.S.C. § 2241 at this time.

**B.**     ***Younger* Abstention**

In the Application, Mr. Carrillo requests that the Court stay the state court criminal proceedings. Respondents urge the Court to abstain from exercising jurisdiction over the Application pursuant to *Younger v. Harris*, 401 U.S. 37 (1971).

Federal courts are prohibited from interfering with ongoing state criminal

proceedings absent extraordinary or special circumstances. *Younger*, 401 U.S. at 37.  A federal court must abstain under *Younger* when:  (1) there is an ongoing state criminal, civil, or administrative proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies.  *Amanatullah v. Colo. Bd. of Med. Exam'rs*, 187 F.3d 1160, 1163 (10th Cir.1999).

The first condition is met because the charges remain pending against Mr. Carrillo in his state court criminal case.  The second condition is satisfied because nothing in the Application demonstrates that the state criminal proceeding is an inadequate forum for review of Mr. Carrillo's claims.  The state court proceeding offers Mr. Carrillo a forum to raise his constitutional challenges and the adjudication of this federal lawsuit would unavoidably invade the state court's ability to decide the same issues.  *See Younger*, 401 U.S. at 43-44; *see also Penzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 10–12 (1987) (noting that *Younger* abstention "'offers the opportunity for narrowing constructions that might obviate the constitutional problem and intelligently mediate federal constitutional concerns and state interests'") (quoting *Moore v. Sims*, 442 U.S. 415, 429–30 (1979)).  The third condition is met because "the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief." *Kelly v. Robinson*, 479 U.S. 36, 49 (1986) (citing *Younger*, 401 U.S. at 44-45); *see also Penzoil*, 481 U.S. at 12–13 (citing *Juidice v. Vail*, 430 U.S. 327, 335 (1977)).

8

Mr. Carrillo "may overcome the presumption of abstention 'in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown.'"[2] *Phelps v. Hamilton,* 122 F.3d 885, 889 (10th Cir. 1997) *(Phelps II)* (quoting *Perez v. Ledesma*, 401 U.S. 82, 85 (1971)). The irreparable injury must be "'both great and immediate.'" *Id.* (quoting *Younger*, 401 U.S. at 46) (internal quotation marks and citation omitted). Courts have considered three factors in determining whether a prosecution is commenced in bad faith or to harass:

> (1) whether it was frivolous or undertaken with no reasonably objective hope of success; (2) whether it was motivated by the defendant's suspect class or in retaliation for the defendant's exercise of constitutional rights; and (3) whether it was conducted in such a way as to constitute harassment and an abuse of prosecutorial discretion, typically through the unjustified and oppressive use of multiple prosecutions.

*Phelps II*, 122 F.3d at 889.  It is Mr. Carrillo's "'heavy burden' to overcome the bar of *Younger* abstention by setting forth more than mere allegations of bad faith or harassment." *Id.* at 890.

### 1.    Is the prosecution supported by a finding of probable cause?

Under the first factor, Mr. Carrillo must allege specific facts or point to evidence to show that the criminal prosecution is frivolous or undertaken with no reasonably objective hope of success.  "Ordinarily, a bad faith prosecution will not be predicated upon probable cause." *Phelps I*, 59 F.3d at 1065, n.12.

---

[2]The other exceptions to *Younger* abstention are: (1) prosecution under a statute that is "flagrantly and patently" unconstitutional, or (2) other "extraordinary circumstances" involving irreparable injury. *Younger*, 401 U.S. at 46–55. The exceptions to *Younger* provide a "very narrow gate for federal intervention." *Phelps v. Hamilton* (*Phelps I*), 59 F.3d 1058, 1064 (10th Cir.1995) (internal quotation marks omitted).  Mr. Carrillo does not assert that either of these exceptions is applicable here.

9

The charges in Mr. Carrillo's criminal case are based on an eighteen-count indictment, followed by a twenty-five count superseding indictment. On August 29, 2012, defense counsel filed a motion to dismiss for lack of probable cause.  The state district court entered an order on November 7, 2012, granting the motion to dismiss as to count 8 only, and denying the motion as to all other counts.  In the November 7, 2012 Order, the district judge ruled, in pertinent part:

> I have reviewed the grand jury testimony and exhibits, and find, with one exception, that there is probable cause as to all the counts returned in the Superseding Indictment filed October 25, 2012. The one exception is Count 8. That count charges Defendant with theft (F-4) of personal property and a motor vehicle belonging to Herbert and Lucy Abeyta.

(ECF No. 14-10, at 1).   The state district court's function in reviewing the grand jury record, as authorized by § 16-5-204(4)(k), C.R.S. (2012),[3] is similar to the role of the court at a preliminary hearing in determining the existence or absence of probable cause.  *See People v. Luttrell*, 636 P.2d 712, 714 (Colo. 1981).  Because the state district court determined that 24 of the 25 charges in the superseding indictment were supported by probable cause, the Court finds that the state criminal charges are not frivolous or undertaken with no reasonably objective hope of success.

## 2.     *Is the prosecution based on unlawful motivations*?

Mr. Carrillo must also make a threshold showing that his criminal prosecution was motivated by his race or in retaliation for his exercise of constitutional rights.

---

[3]Section 16-5-204(4)(k), C.R.S. (2012) provides:

The district court before which the indicted defendant is to be tried shall dismiss any indictment of the grand jury if such district court finds, upon the filing of a motion by the indicted defendant based upon the grand jury record without argument or further evidence, that the grand jury finding of probable cause is not supported by the record.

*Phelps II*, 122 F.3d at 889-90.  Mr. Carrillo's unsupported conclusory allegations that he is being prosecuted because he is Hispanic and that the state criminal prosecution "is the wrongful criminalization by the State of UNRESOLVED CIVIL, CONSTITUTIONAL QUESTIONS and CIVIL RIGHTS complaints, as well as violations to the US code. . . .," ECF No. 1, at  7, are insufficient.  Moreover, "demonstrating a history of personal animosity between the prosecutor and the [state court] defendant is not, by itself, sufficient to show that a prosecution was commenced in bad faith." *Phelps I*, 59 F.3d at 1067.  Mr. Carrillo fails to point to evidence to show that the prosecution is racially-motivated or is in retaliation for his constitutionally-protected activity.   Under *Younger*, federal court intervention in a pending state criminal proceeding intervention "cannot be predicated on mere allegations; rather, the federal plaintiff must [make a prima facie evidentiary showing of] bad faith or harassment before intervention is warranted. *Phelps I*, 59 F.3d at 1066; *Phelps II*, 122 F.3d at 890.

### 3.   Does the prosecution constitute harassment or abuse of prosecutorial discretion?

Finally, Mr. Carrillo must show that the criminal prosecution is being conducted in such a way as to constitute harassment and an abuse of prosecutorial discretion, typically through the unjustified and oppressive use of multiple prosecutions.  *Phelps I*, 59 F.3d at 1065; *see also Younger*, 401 U.S. at 46 (the "threat to the plaintiff's federally protected rights" is only irreparable if it "cannot be eliminated by . . . defense against a single prosecution.").

The state court docketing information provided by Respondent indicates that two pending criminal cases against Mr. Carrillo were dismissed at the time the indictment

was filed in Case No. 2012CR10153.  (ECF Nos. 14-11, at 6; 14-12, at 4).  Thus, Mr.

Carrillo is defending a single criminal prosecution at this time, which weighs against a

finding of prosecutorial harassment.

Applicant avers the following in his Affidavit attached to the Application:

7.  On or after September 10th, 2012 Mr. King Omar-my cell mate-told me that here was a "Hit "on me" [sic] ordered by someone from the DA's office, he also told me that Dan said that the hit was to be carried [sic] by one gang member, a convicted felon already in custody at DDC in exchange for some good stuff (contraband). . . .

21.  My appointed attorney, Mark Burton has admitted to me, that he too was being contacted by the Colorado Supreme Court, the Denver DA and other entities mostly by phone or verbally and in writing as well, telling him no [sic] to help me, that I'm a criminal deserving to be put away and he confessed to me that he's afraid of losing his license. . . .

25.  My wife and I, but specially [sic] my wife, are innocent of all the false and baseless accusations against us, and so are other minority members being prosecuted as well, part of our emerging group of victimized minorities by the fraudulent foreclosing attorneys and corrupt public official [sic] of the state. . . .

(ECF No. 1, at 18, 20-21).

Mr. Carrillo's affidavit does not provide factual support for his contention that the

government abused its prosecutorial discretion.  His claim that the District Attorney's

Office ordered a "hit" on him is based on unsubstantiated hearsay.  Furthermore, the

fact that Mr. Carrillo will have to stand trial on what he characterizes as "false" and

"baseless" criminal charges does not preclude application of the abstention doctrine.

*See Younger*, 401 U.S. at 46.

Mr. Carrillo may challenge the legality of his conviction once the state criminal

proceeding is concluded.   The "fundamental policy against federal interference with

state criminal prosecutions" mandates that federal adjudication of Applicant's claims be

postponed until such time as the exercise of federal jurisdiction will not seriously disrupt ongoing state judicial proceedings.  *Younger*, 401 U.S. at 46.

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Mr. Carrillo files a notice of appeal he must also pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that Mr. Alfonso A. Carrillo's Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 1), filed on November 15, 2012, is DISMISSED WITHOUT PREJUDICE for failure to exhaust state court remedies and pursuant to the abstention doctrine of *Younger v. Harris*, 401 U.S. 37 (1971).  Mr. Carrillo's Eighth Amendment claims and his claims alleging a conspiracy to violate his civil rights are not cognizable in the § 2241 Application.  It is

FURTHER ORDERED that no certificate of appealability shall issue because jurists of reason would not debate the correctness of this procedural ruling and Applicant has not made a substantial showing of the denial of a constitutional right.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.   Mr. Carrillo may file a motion in the United States Court of Appeals for the Tenth Circuit.  It is

FURTHER ORDERED that all pending motions are DENIED as moot.

DATED at Denver, Colorado, this  18th  day of    March         , 2013.

BY THE COURT:


   s/Lewis T. Babcock                        
LEWIS T. BABCOCK, Senior Judge
United States District Court